IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WADADUYA EL-BEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-652 |
| | : | |
| v. | : | |
| | : | |
| ALLENTOWN POLICE DEPARTMENT; | : | |
| OFFICER BENNER, BADGE #1; | : | |
| OFFICER FINN, BADGE #260; OFFICER | : | |
| SINTON, BADGE #49; CITY OF | : | |
| ALLENTOWN MAYOR, MATTHEW | : | |
| TUERK; CITY OF ALLENTOWN | : | |
| SOLICITOR, MATTHEW J. KLOIBER; | : | |
| and CITY OF ALLENTOWN CHIEF OF | : | |
| POLICE, CHARLES ROCA, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 22nd day of May, 2023, after considering the application for leave to proceed *in forma pauperis* (Doc. No. 1), complaint (Doc. No. 2), letter dated February 21, 2023 (Doc. No. 3), and "Notice of Civil Action Adjustment" (Doc. No. 4) filed by the *pro se* plaintiff, Wadaduya El-Bey ("El-Bey"); and for the reasons stated in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED**, and El-Bey has leave to proceed *in forma pauperis* in this action;

2. The complaint (Doc. No. 2), as supplemented by the "Notice of Civil Action Adjustment" (Doc. No. 4), is **DEEMED** filed;

3. The complaint, as supplemented by the "Notice of Civil Action Adjustment," is **DISMISSED** as follows:

   a. El-Bey's claims against the Allentown Police Department and his claims asserted pursuant to 18 U.S.C. § 242 are **DISMISSED WITH PREJUDICE**;

    b. El-Bey's requests for injunctive relief, in the nature of, *inter alia*, requests that Defendants Officers Benner, Finn, and Sinton's employment with the City of Allentown be terminated, that these officers be imprisoned, and that the officers surrender their pensions and any other public funding they receive, are **STRICKEN WITH PREJUDICE**; and

    c. The remainder of the claims are **DISMISSED WITHOUT PREJUDICE**;

  4. The clerk of court is **DIRECTED** to **TERMINATE** the Allentown Police Department as a defendant;

  5. El-Bey may file an amended complaint within **thirty (30) days** of the date of this order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the factual basis for El-Bey's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting his second amended complaint, El-Bey should be mindful of the court's reasons for dismissing the claims in his complaint as explained in the court's separately filed memorandum opinion. Upon the filing of an amended complaint, the clerk shall not make service until so ordered by the court;

  6. The clerk of court is **DIRECTED** to **SEND** El-Bey a blank copy of the court's form complaint to be used by a self-represented litigant filing a civil action bearing the above civil action number. El-Bey may use this form to file his amended complaint if he chooses to do so;[1]

  7. If El-Bey does not wish to file an amended complaint and instead intends to stand on his complaint as originally pleaded, he may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order dismissing

---

[1] This form is available on the court's website at https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case;[2] and

8. If El-Bey fails to file any response to this order, the court will conclude that he intends to stand on his complaint and will issue a final order dismissing this case.[3]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[3] *See Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on complaint may be inferred from inaction after issuance of order directing plaintiff to take action to cure defective complaint). The court also notes that the six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See id.* at 241 n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court's order, which require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).