IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WADADUYA EL-BEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-652 |
| | : | |
| v. | : | |
| | : | |
| ALLENTOWN POLICE DEPARTMENT; OFFICER BENNER, BADGE #1; OFFICER FINN, BADGE #260; OFFICER SINTON, BADGE #49; CITY OF ALLENTOWN MAYOR, MATTHEW TUERK; CITY OF ALLENTOWN SOLICITOR, MATTHEW J. KLOIBER; and CITY OF ALLENTOWN CHIEF OF POLICE, CHARLES ROCA, | : : : : : : : : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 14th day of July, 2023, this court having entered a memorandum opinion and order on May 22, 2023, which, *inter alia*, dismissed with prejudice in part and without prejudice the complaint filed by the *pro se* plaintiff, Wadaduya El-Bey ("El-Bey"), *see* Doc. Nos. 6, 7; and the court having provided El-Bey with a period of 30 days to file an amended complaint as to those claims that the court dismissed without prejudice, *see* May 22, 2023 Order at ¶ 5, Doc. No. 7; and the court having also provided El-Bey with the option to submit a notice if he wanted to stand on his original complaint instead of filing an amended complaint, *see id.* at ¶ 7; and the court having warned El-Bey that if he failed to file any response to the order, the court would conclude that he intends to stand on his complaint and would issue a final order dismissing the case, *see id.* at ¶ 8; and

**EL-BEY HAVING** failed to file an amended complaint or any other document with the court to date, which is well beyond the 30-day period provided in the May 22, 2023 Order; and the

court interpreting El-Bey's failure to file any document with the court has demonstrating his intent to stand on his original complaint; accordingly, it is hereby **ORDERED** as follows:

1. El-Bey's claims under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** for the failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. El-Bey's state-law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction without further leave to amend;

3. The clerk of court is **DIRECTED** to **CLOSE** this case; and

4. If El-Bey did not intend to stand on his complaint, he must move for reconsideration of this order in accordance with Federal Rule of Civil Procedure 59(e) and attach his proposed amended complaint to that motion.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.